326 A.2d 303
COMMONWEALTH of Pennsylvania

v.

Barney Liam RUSSELL, Appellant.

Supreme Court of Pennsylvania.
Argued May 2, 1974.
Decided Oct. 16, 1974.

2

4

Harry F. Swanger, Pittsburgh, for appellant.

Allen E. Ertel, Dist. Atty., Williamsport, for appellee.

Before JONES, C. J., and EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

## OPINION OF THE COURT

JONES, Chief Justice.

The appellant, Barney Liam Russell, was convicted of murder in the first degree of Gary Rosenberger, a state police officer working as an undercover narcotics agent. Punishment was fixed at life imprisonment. A motion for new trial was denied, and sentence was imposed as the jury had directed. This appeal followed. Appellant

**6**

challenges the verdict below on several grounds. We affirm.

■ Appellant initially alleges that the denial of his motion for a change of venue constituted prejudicial error. He contends that the volume of unfavorable newspaper coverage so inflamed the community as to prevent a fair, impartial verdict. The newspaper coverage was not unduly sensational and was limited to factual reporting. All accounts referred to the appellant as the "accused." One article did mention the defendant's prior arrest record, but the same item also reported that the single charge was dismissed. Additionally, neither the state or local police nor the office of the district attorney provided this arrest information to the press. Although the authorities did release some evidence, they did not disclose any link between the evidence and the defendant. Unlike the coverage at issue in *Commonwealth v. Pierce,* 451 Pa. 190, 200, 303 A.2d 209, 215 (1973), the publicity was not inherently prejudicial.

■ Appellant also maintains that the prospective jurors could have been, or were in fact, aware of appellant's motion for change of venue. He argues that this awareness so prejudiced him in the mind of the jury that a change of venue became obligatory. However, if the motion creates overwhelming prejudice, the motion itself becomes the sole justification for its grant. The trial judge properly exercised his discretion in denying the motion for a change of venue. *Commonwealth v. Hoss,* 445 Pa. 98, 283 A.2d 58 (1971).

■ Appellant next argues that the elimination from the jury of veniremen who expressed total opposition to the death penalty was contrary to the requirements of *Witherspoon v. Illinois,* 391 U.S. 510, 88 S.Ct. 1770, 20 L.Ed.2d 776 (1968). Although such exclusion in no way violated the *Witherspoon* mandate, 391 U.S. at 513–514, 88 S.Ct. 1770, we held in *Commonwealth v. Stafford,* 450

Пa. 252, 299 A.2d 590 (1973), that the elimination of the death penalty mooted this issue.

The trial court also erred, appellant asserts, by admitting into evidence reports prepared by the victim which mentioned previous drug contacts and conversations with appellant. It is urged that these reports improperly introduced evidence of his prior criminal activity which is normally inadmissible. *Commonwealth v. Groce*, 452 Pa. 15, 303 A.2d 917 (1973); *Commonwealth v. McIntyre*, 417 Pa. 415, 208 A.2d 257 (1965). However, where the evidence is offered to prove matters other than criminal activity, the trial judge, in his discretion, may admit it. *See Commonwealth v. Groce, supra; Commonwealth v. James*, 433 Pa. 508, 253 A.2d 97 (1969); *Commonwealth v. Heller*, 369 Pa. 457, 87 A.2d 287 (1952); 1 J. Wigmore, Evidence § 215 (3rd ed. 1940). Even assuming that the mention of drug involvement did imply prior criminal activity, the prosecution introduced it to show the close relationship between the appellant and the victim and as such, it was admissible.

Nor did the admission of the report violate the Business Records Act, Act of May 4, 1939, P.L. 42, No. 35, § 2, 28 P.S. § 91b (1958).* The victim transcribed the report from notes made by him at or near the time of the transaction and mere typographical and stylistic errors delayed its filing. The unsubmitted report remained in the control of either the victim or the testifying witness. Since the evidence had a degree of trustworthiness and was within the purpose of the Business Records Act, the trial judge properly admitted the report. *See Henderson v. Zubik*, 390 Pa. 521, 136 A.2d 124

---

* 91b. A record of an act, condition or event shall, insofar as relevant, be competent evidence if the custodian or other qualified witness testifies to its identity and the mode of its preparation, and if it was made in the regular course of business at or near the time of the act, condition or event, and if, in the opinion of the court, the sources of information, method and time of preparation were such as to justify its admission.

(1957), and *Foster v. Mifflin County Retirement Bd.*, 9 Pa.Cmwlth. 72, 305 A.2d 55 (1973).

■■ Appellant contends that the introduction of personal letters written by him was improper without prior authentication. Later testimony established the handwriting on the letters was that of the appellant. We again affirm the principle that the sequence of presentation of evidence is within the discretion of the trial judge. *Commonwealth v. Hickman*, 453 Pa. 427, 309 A. 2d 564 (1973), and *Commonwealth v. Koch*, 446 Pa. 469, 288 A.2d 791 (1972). A court commits no error where evidence inadmissible when received later becomes admissible. *Commonwealth v. Kiefaber*, 26 D. & C.2d 451, 11 Bucks 215 (1962), aff'd, 197 Pa.Super. 298, 179 A.2d 262 (1962).

■ Appellant also urges that the admission of the meaning of the letters' content was error. The letters contained many cryptic phrases and the testifying witness was familiar with these slang expressions from previous conversations with the appellant. The trial judge did not err when he admitted the explanatory testimony once the prosecution established the witness's familiarity with the appellant's argot. *See, e. g., United States v. Brooks*, 473 F.2d 817 (9th Cir. 1973); *United States v. Borrone-Iglar*, 468 F.2d 419 (2d Cir. 1972); *United States v. Mesarosh*, 223 F.2d 449 (3d Cir. 1955), and 23 C.J.S. Criminal Law § 878c (1955).

■ We need not rule specifically whether the parol evidence rule has, as appellant suggests, any application to personal correspondence not connected with consummating a legal act. The ambiguous character of the letter would allow oral interpretation if the Rule did apply. *Rosciolo Estate*, 434 Pa. 461, 258 A.2d 623 (1969), and *Miller v. Commercial Electric Constr., Inc.*, 223 Pa.Super. 216, 297 A.2d 487 (1972).

The appellant next asserts that the prosecution mentioned to the jury that appellant failed to take the stand. Specifically, the appellant cites the following remark taken from the prosecutor's summation:

"It is interesting to note that the defense never denied or even cross-examined, or denied that these letters were written by Barney Russell."

*Griffin v. California,* 380 U.S. 609, 85 S.Ct. 1229, 14 L. Ed.2d 106 (1965), forbids prosecutorial comment on any assertion of the privilege against self-incrimination. But the Court in *Anderson v. Nelson,* 390 U.S. 523, 88 S. Ct. 1133, 20 L.Ed.2d 81 (1968), recognized that all such comment need not be prejudicial. The prosecutor here did not demand that defendant himself contradict or deny the evidence contained in his letter nor did he make mention of defendant's silence at any other point in the summation. Even if the prosecution's comment were construed as referring to the defendant's privilege, it was not prejudicial in light of the entire summation. *Commonwealth v. Bighnum,* 452 Pa. 554, 307 A.2d 255 (1973); *Commonwealth v. Camm,* 443 Pa. 253, 266, 277 A.2d 325, 333 (1971).

Additionally, the prosecution's comments on the weakness of the appellant's defense and the credibility of some defense witnesses do not require reversal. *Commonwealth v. Brooks,* 454 Pa. 75, 309 A.2d 732 (1973). However, we again caution prosecuting attorneys that they should withhold expression of opinion on the truth or falsity of any testimony.

Appellant also asserts that the prosecution failed to prove motive as promised in his opening statement. Remarks made in the opening statement must reflect fair deductions from the evidence which the prosecutor in good faith expects to develop. *Commonwealth v. Fairbanks,* 453 Pa. 90, 306 A.2d 866 (1973). Here, although the prosecution did not expressly demonstrate the

promised motive, the single mention of motive does not indicate bad faith or an attempt to prejudice the jury.

Appellant next views as error the introduction of the testimony of two experts concerning soil, blood and gun powder samples. The objections to the testimony, however, relate to its weight and not its admissibility. Specifically, appellant holds as error the testimony linking soil samples at the scene and on appellant's clothing. The expert had not taken the scene samples himself; they had been provided by the Commonwealth. Neither did the prosecution pose as hypotheticals those questions whose answers were not based on facts personally known by the expert. Consequently, the appellant sees the testimony as lacking the necessary characteristics of admissible opinion evidence. However, the soil sample taken at the scene was previously introduced only after laying a proper foundation for it by presenting as a witness the police officer who gathered it.

An expert can express his opinion when "based . . . upon the evidence which is produced under oath in Court. . . ." *Commonwealth v. Ballem,* 386 Pa. 20, 28, 123 A.2d 728, 733 (1956).

As a further ground for reversal appellant alleges ineffective assistance of counsel due to counsel's failure: (1) to object to every leading question put by the prosecution; (2) to move for suppression of evidence for very tenuous reasons; and (3) to demand the transcription of side-bar colloquys. After reviewing the record, we find defense counsel to have provided qualified assistance. *See Commonwealth ex rel. Washington v. Maroney,* 427 Pa. 599, 235 A.2d 349 (1967).

Appellant also views the failure to transcribe every side-bar colloquy as being violative of due process. This Court, in *Commonwealth v. Anderson,* 441 Pa. 483, 493, 272 A.2d 877, 882 (1971), held that due process re-

quires "an equivalent 'picture' of what transpired below." We reaffirmed that position in *Commonwealth v. Norman,* 447 Pa. 515, 291 A.2d 112 (1972). Respectively, in those cases the entire trial proceeding and the judge's charge to the jury went unrecorded. Here, the transcript reveals the ruling of the court on every material point of evidence or law in the several side-bar conferences and, therefore, the appellant received a transcript that satisfied due process.

 Finally, appellant's claim concerning the court's charge to the jury was waived by failure to make timely objection. *Commonwealth v. Carbonetto,* 455 Pa. 93, 314 A.2d 304 (1973); *Commonwealth v. McIntyre,* 451 Pa. 42, 50, 301 A.2d 832, 836 (1973); Pa.R.Crim.P. 1119(b), 19 P.S. Appendix. Nonetheless his claim is meritless. The instructions to the jury must be evaluated in their entirety. *Commonwealth v. Fell,* 453 Pa. 531, 309 A.2d 417 (1973). Appellant questions a small portion of charge which said, "Your deliberations are to relate altogether and exclusively to the question of guilt. . . . " He argues that the focus was thereby directed to guilt rather than guilt or innocence. However, this is the only segment of the charge where "guilt" was used without the words "or innocence." In fact, the concluding portion of the sentence quoted by appellant states: "[A]nd you will determine guilt or innocence in the deliberations on which you are about to embark."

 The trial judge did not commit reversible error when he included in his charge his opinion that a manslaughter verdict was not justifiable. He immediately added that the jury could nevertheless find the appellant guilty of manslaughter since they had the ultimate decision. The instruction in no way foreclosed a verdict of manslaughter. *Commonwealth v. Fell, supra; Commonwealth v. Ott,* 417 Pa. 269, 207 A.2d 874 (1965); *Commonwealth v. Chester,* 410 Pa. 45, 188 A.2d 323 (1963).

**12**

*See United States ex rel. Brown v. Russell,* 455 F.2d 464 (3d Cir. 1972).

Judgment of sentence affirmed.

ROBERTS, NIX and MANDERINO, JJ., concur in the result.