387 A.2d 835

**COMMONWEALTH of Pennsylvania**

v.

**Calvin MARTIN, Appellant.**

Supreme Court of Pennsylvania.

Submitted Oct. 18, 1977.

Decided June 2, 1978.

Lee Mandell, Philadelphia, for appellant.

F. Emmett Fitzpatrick, Dist. Atty., Steven H. Goldblatt, Deputy Dist. Atty. for Law, Michael R. Stiles, Asst. Dist. Atty., Chief, Appeals Div., Jane Greenspan, Philadelphia, for appellee.

Before EAGEN, C. J., and O'BRIEN, ROBERTS, POMEROY, NIX, MANDERINO and LARSEN, JJ.

## OPINION OF THE COURT

EAGEN, Chief Justice.

Appellant, Calvin Martin, was convicted by a jury in Philadelphia of murder of the first degree. Post-verdict motions filed by trial counsel seeking an arrest of the judgment and/or a new trial were denied [1] and a sentence of life imprisonment was imposed. This appeal followed.

In this appeal Martin is represented by new counsel, that is, counsel other than trial counsel. The sole assignment of

---

[1] Prior to filing the motions in arrest of judgment and/or for a new trial, counsel filed a motion to set aside the verdict on the ground that one of the jurors had been coerced into agreeing with her fellow-jurors on the guilty verdict. This motion was denied following an evidentiary hearing.

error is that trial counsel was ineffective in protecting Martin's appellate rights by failing to include in the post-verdict motion for a new trial the following six alleged trial errors: [2]

(1) allowing a Commonwealth witness, one Anthony Brothers, to testify as to the alleged prior commission of a crime by Martin, involving the decedent, Jonathan Kent, which crime resulted in neither an arrest, trial, nor conviction;

(2) refusing to grant trial counsel's motion for a mistrial after the testimony of Brothers was stricken;

(3) allowing a non-medical witness to testify concerning facts which were medical in nature;

(4) receiving into evidence certain photographs depicting an automobile's condition at the time of trial, but purporting to depict the condition of the said automobile at the time of the commission of the crime, some seven months prior;

(5) the trial court's denial of appellant's request "for a binding instruction that where two inferences arising from the evidence were possible; one consistent with guilt and one with innocence, that the jury must draw that of innocence";

(6) the trial court's denial of appellant's motion to set aside the verdict based upon the allegations of coercion exerted upon one of the jurors.

In determining counsel's effectiveness, we must bear in mind the standard set forth in *Commonwealth ex rel. Washington v. Maroney*, 427 Pa. 599, 604, 235 A.2d 349, 352 (1967):

"[C]ounsel's assistance is deemed constitutionally effective once we are able to conclude that the particular course chosen by counsel had *some reasonable basis* designed to effectuate his client's interests." [Emphasis in original.]

**2.** Although the sufficiency of the evidence is not now challenged, we have studied the record and are satisfied the trial record sufficiently supports the verdict.

From the evidence, the jury was warranted in finding that Martin aided and abetted in the cold, calculated shotgun slaying of one Jonathan Kent.

Our initial inquiry is whether or not the issues counsel is charged with not pursuing in the post-verdict motion were of arguable merit. If we conclude the issues were of arguable merit, then and only then do we proceed to inquire whether the particular course chosen by counsel had some reasonable basis designed to effectuate his client's interests. *Commonwealth v. Hubbard,* 472 Pa. 259, 276–78, 372 A.2d 687, 695–96 (1977).

In regard to Martin's first contention that trial counsel was ineffective for failing to assign as error in the post-verdict motion the trial court's allowing a Commonwealth witness, one Anthony Brothers, to testify as to prior acts of Martin, the record shows Brothers testified that Martin and three other persons came into his home and took $15.00 without his consent from his pocket at 7:30 p. m. on November 29, 1974, which was thirteen days before Kent was killed. Also present at the time of this event was Brothers' mother and Kent, the murder victim. After loading a shotgun which one of the other persons had brought into the house, Martin, according to Brothers, tried to strike him with it and a fight ensued which Kent terminated by hitting Martin with a chair.

Prior to Brothers' testimony, trial counsel had objected to the admission of such evidence. After hearing an offer of proof by the Commonwealth in camera, the trial judge allowed the testimony recounted above. Trial counsel, however, failed to assign the admission of this testimony as error in the post-verdict motion.

As a general rule, evidence that a defendant has committed another crime wholly independent and unconnected with that for which he is on trial is irrelevant and inadmissible except under special circumstances. One of the special circumstances which operates as an exception to the general rule is the case where the proffered testimony tends to establish the defendant's motive for the crime or crimes charged in the indictment on trial. *Commonwealth v. Roman,* 465 Pa. 515, 351 A.2d 214 (1976). However, to be admissible under this exception, evidence of a distinct crime,

even if relevant to motive, "must give sufficient ground to believe that the crime currently being considered grew out of or was in any way caused by the prior set of facts and circumstances." *Commonwealth v. Schwartz,* 445 Pa. 515, 522, 285 A.2d 154, 158 (1971).

■ In the instant case, the Commonwealth maintains that evidence of Martin and three other persons taking money from Brothers; of Martin holding a shotgun on and striking Brothers with it; and, of Kent stopping the ensuing struggle between Martin and Brothers by hitting Martin with a chair is admissible to show motive, intent, and ill-will on the part of Martin, who was charged with killing Kent a mere thirteen days after this incident. Placed in this frame of reference, we cannot say the trial court was in error when it concluded the evidence of these prior acts gave sufficient ground to believe that Kent's killing grew out of or was in some way caused by the prior incident. We conclude, therefore, that since this issue was not of arguable merit, trial counsel was not ineffective in failing to raise it in post-verdict motions. See *Commonwealth ex rel. Washington v. Maroney,* supra, 427 Pa. at 605 n.8, 235 A.2d at 353 n.8; *Commonwealth v. Nole,* 461 Pa. 314, 336 A.2d 302 (1975).

Martin's second complaint is that trial counsel was ineffective for failing to challenge in the post-verdict motion the trial court's refusal to grant his motion for a mistrial after the testimony of Brothers was stricken. The manner in which this situation arose at trial is as follows. Over defense counsel's objection, the trial court initially (and correctly, as we have seen) decided that Brothers' testimony discussed above was admissible. At the conclusion of Brothers' direct examination, but before cross-examination, defense counsel moved to strike Brothers' testimony; the prosecutor stated that, although he still maintained Brothers' testimony was admissible, he would not oppose the motion to strike for tactical reasons. The trial court then (incorrectly) granted trial counsel's motion to strike and gave a strong cautionary instruction to the jury to ignore completely Brothers' testimony. Defense counsel then moved for a mistrial on the grounds that

"this jury has been so prejudiced by that testimony that I feel the defendant cannot receive a fair trial because of the nature of the testimony was so prejudicial that it erodes the presumption of innocence, and under the circumstances the testimony was given and subsequently the witness was withdrawn without attack upon his credibility leaves in the minds of this jury and will create such a void that I don't think the defendant can obtain a fair trial with this particular jury."

This motion was denied.

■■ In the context of the instant case, since Martin succeeded in having damaging, albeit admissible, testimony stricken, and the jury instructed to disregard it, we do not see how he has been prejudiced. Evidence which is not objectionable is clearly not a ground for declaring a mistrial. See e. g., *Fleischman v. Reading*, 388 Pa. 183, 188–93, 130 A.2d 429, 432–34 (1957). While it is true that trial counsel did not have an opportunity to cross-examine Brothers, this was because his motion to strike Brothers' testimony was made and granted by the trial court immediately after the conclusion of Brothers' direct examination. We are unable to say that the timing of trial counsel's motion to strike was not a tactical decision. Furthermore, the trial court after striking the testimony gave a strong cautionary instruction to the jury to disregard it entirely. In view of the fact that such testimony was admissible, Martin received more than that to which he was entitled. Thus, the trial court did not abuse its discretion in refusing to grant a mistrial, *Commonwealth v. Hawkins*, 448 Pa. 206, 292 A.2d 302 (1972), and trial counsel's failure to assign this point as error in the post-verdict motion is not ineffectiveness.

■■ Martin's third complaint is that trial counsel was ineffective for failing to raise in the post-verdict motion the alleged error that a non-medical witness testified at trial concerning facts which were medical in nature. In the course of the testimony, Anthony Paul, a firearms expert, testified for the Commonwealth as follows:

"Q. Could the distortion that appears in that particular projectile [a single uncoated lead bullet] that you have in your hand contained within Commonwealth's exhibit 5, could that have occurred, sir, in striking the spinal column of the body?

"MR. RANDOLPH: Objection.

"THE COURT: Overruled.

"A. I would say, yes, that could happen on striking any bone in the body. They would become very mutilated like this with that effect."

We do not agree the ruling was error. First, whether or not a witness is qualified as an "expert" is within the sound discretion of the trial court and its ruling will not be overturned unless clear abuse occurs. *Commonwealth v. Bennett,* 471 Pa. 419, 422, 370 A.2d 373, 375 (1977). The firearms expert here was an experienced person and could be expected to have first-hand knowledge concerning the consequences to a bullet from hitting another object, whether this object be a bone inside a body or some other solid object. Thus, we see no abuse in admitting such testimony. Its credibility was, of course, for the jury. Moreover, since it was clear from other testimony that a bullet passed through Kent's neck, spine and jaw and was extracted from his body, the actual cause of the distortion did not make any significant difference in resolving the ultimate questions in this case. Since this issue is not of arguable merit, this precludes a finding of ineffective assistance of counsel for failing to pursue it post-trial.

■ Martin's fourth complaint is that his trial counsel was ineffective in failing to assign as error in the written post-verdict motion the trial court's reception "into evidence of certain photographs depicting an automobile's condition at the time of trial, but purporting to depict the condition of the said automobile at the time of the commission of the crime, some seven months prior." This contention is clearly belied by the Commonwealth witness's testimony on both direct and cross-examination that he had just taken the photographs on the day previous to his testimony; that he

did not know how long the automobile was sitting in its present location; and, that he did not know whether or not it was in the same condition as it was on December 12, 1974.

In any event, the independent testimony of an eyewitness and the arresting officer was sufficient to provide a proper foundation for the admission of the photographic evidence here. The automobile in the photographs was very similar to the getaway car described by Miss O'Bryant, an eyewitness to the crime, and by the arresting officer. It also bore the same license number as the arresting officer testified was that of the getaway car. Since a proper foundation for the admission of this evidence was provided, it was properly allowed. Any questions concerning its relationship to the crime or the defendant goes to the weight of such evidence but not its admissibility. *Commonwealth v. Ford,* 451 Pa. 81, 84, 301 A.2d 856, 857 (1973). See also *Commonwealth v. Yount,* 455 Pa. 303, 316, 314 A.2d 242, 249–50 (1974). Accordingly, since this issue is not of arguable merit, trial counsel may not be faulted for failing to raise it in the post-verdict motion.

The remaining alleged trial errors which it is argued trial counsel should have pursued in the post-verdict motion are not discussed in the argument portion of appellant's brief. Nonetheless, after careful consideration, we conclude the complained of omissions in the context of this case do not constitute ineffectiveness.

The requested instruction included in No. 5 of the alleged trial errors is an incorrect statement of the law. Appellate counsel is apparently referring to the evidentiary proposition that "[w]hen two *equally reasonable and mutually inconsistent inferences* can be drawn from the same set of circumstances, a jury must not be permitted to guess which inference it will adopt, especially when one of the two guesses may result in depriving a defendant of his life or his liberty." *Commonwealth v. Woong Knee New,* 354 Pa. 188, 221, 47 A.2d 450, 468 (1946) [emphasis added].

The final alleged error raises a question which is prima facie of a most serious nature, namely, the physical

and mental coercion of a juror. The merit of this allegation, however, is belied in the instant case by the record and the lack of an underlying factual basis. Assuming, *arguendo,* that the hurdles of *Commonwealth v. Pierce,* 453 Pa. 319, 309 A.2d 371 (1973) (juror not competent to testify as to what transpired in jury room), and similar cases could be surmounted, our thorough and independent examination of the record discloses no foundation for the charge that the juror involved was coerced by her fellow-jurors into agreeing to the guilty verdict. In view of this, raising this issue in the post-trial motion would have been a futile gesture.

Judgment of sentence affirmed.

MANDERINO, J., filed a dissenting opinion.

MANDERINO, Justice, dissenting.

I dissent. The majority concludes that trial counsel was not ineffective for failing to pursue, in post-verdict motions, the issue of whether the trial court erred in allowing a prosecution witness to testify that appellant and three other persons entered his home and robbed him of $15.00. Although the majority correctly states the general law as to the admissibility of evidence of prior criminal conduct (at pp. 68), it fails to correctly apply that law to the case here. The majority says, (at p. 69):

"In the instant case, the Commonwealth maintains that evidence of Martin and three other persons taking money from Brothers; of Martin holding a shotgun on and striking Brothers with it; and, of Kent stopping the ensuing struggle between Martin and Brothers by hitting Martin with a chair is admissible to show motive, intent, and ill-will on the part of Martin, who was charged with killing Kent a mere thirteen days after this incident."

Clearly, we are dealing in this case with the introduction of three separate and distinct facts. Only one of these facts has any relevance to the question of appellant's motive, intent, or ill-will as directed toward the decedent, Kent. That fact is in the witness' testimony that Kent stopped a struggle between appellant and Brothers by striking appel-

lant with a chair. That fact was, of course, admissible. The facts indicating that the struggle between appellant and Brothers was precipitated by appellant's commission of the crime of armed robbery were not relevant to any motive, intent, or ill-will appellant may later have formed with regard to Kent. The evidence of the commission of this crime was highly prejudicial, however, and should not have been admitted.

Appellant's counsel could have prevented the prejudice caused by the witness' statement of these irrelevant facts by seeking, prior to the witness' testimony, an offer of proof, and then requesting the court to instruct the prosecuting attorney that the witness was not to testify as to the irrelevant prior criminal activity, but was to confine his remarks to the statement that a struggle took place which was terminated by the decedent's act of striking appellant with a chain. The prosecution would thus have been able to present its evidence relative to appellant's motive, intent, and ill-will toward decedent, and appellant would not have been prejudiced by the introduction of the irrelevant evidence indicating his participation in prior criminal activity.

For these reasons, I conclude that the issue was of arguable merit, and should have been raised in post-verdict motions. Failure to raise it denied appellant the effective assistance of counsel, and the case should be remanded for the filing of proper post-verdict motions raising this issue.