421 A.2d 343

**COMMONWEALTH of Pennsylvania**

v.

**Edward Leroy KLINGER, Appellant.**

Superior Court of Pennsylvania.

Argued March 5, 1980.

Filed Aug. 1, 1980.

Spero T. Lappas, Harrisburg, for appellant.

Marion E. MacIntyre, Second Assistant District Attorney, Harrisburg, for Commonwealth, appellee.

Before CERCONE, President Judge, and WATKINS and MONTGOMERY, JJ.

WATKINS, Judge:

This is an appeal from the Order of the Court of Common Pleas of Dauphin County denying the defendant's Motion to Withdraw his guilty plea. On September 18, 1978, the court below sentenced the defendant, Edward Leroy Klinger, to eight (8) to twenty (20) years in prison on the charge of involuntary deviate sexual intercourse and to two concur-

rent terms of one (1) to two (2) years for indecent assault charges. On September 27, 1978, *after* the sentences were imposed, the defendant filed a motion challenging the validity of his guilty plea which he had entered on June 1, 1978. Hearing was held on defendant's motion on November 9, 1978 and on December 12, 1978 the court below refused to grant the defendant's motion. This appeal followed.

On June 12, 1977 at 6:30 P.M. Darlene Updegrave answered her door and allowed a stranger to enter her apartment for the purported purpose of consulting a telephone directory to determine the address of a friend. The stranger ordered the victim into the bathroom of her apartment where he forced her to undress and then he fondled her breasts. He then took her to the bedroom where he performed an act of cunnilingus on her, ordered her to fondle his penis, masturbated and then left the apartment. The defendant was arrested and charged with these crimes several months later while an inmate at the Cumberland County Prison awaiting trial on other charges in Cumberland County. He was taken to a line–up on the Cumberland County charges at which the victim was also present. She identified the defendant as the culprit who had entered her apartment on June 12, 1977. The same attorney, Arthur Dils, represented the defendant on both the Cumberland County charges and in the instant case. The defendant now appeals from the lower court's refusal to allow him to withdraw his guilty plea. He claims that his plea was predicated on the ineffective assistance of counsel in that his attorney failed to investigate an alibi defense that was available to the defendant and induced the defendant to plead guilty despite the presence of an alibi defense.

At the outset we note that the defendant did not attempt to challenge his guilty plea until after he was sentenced even though three and one–half (3½) months had passed from the date of the plea to the date of sentencing. We also note that the defendant does not allege that the guilty plea colloquy was inadequate.

The defendant's appeal revolves around the significance of a telephone bill which shows that the defendant's girlfriend,

with whom he resided when he was in Harrisburg, indicated that on June 19, 1977 she had received a collect call from Fremont, Indiana. The significance of this telephone bill concerns defendant's testimony that he divided his time between Colorado, where he helped to manage a business and Harrisburg, that he always drove from and to the locations, that he always stayed in either Colorado or Harrisburg at least two (2) weeks after arriving at either place, and that he would telephone his girlfriend when he got to Indiana en route to Harrisburg. Although he couldn't remember the particular date of June 12, 1977, the defendant claims that the record of the long distance telephone call from Fremont, Indiana on June 19, 1977, "judging from his habitual frequency of travel" tended to prove that he was in Colorado from June 11, 1977 until shortly before June 19, 1977, that, therefore, he was not even present in Pennsylvania on June 12, 1977, the date of the crime. The defendant's argument is that his attorney neglected to explore this defense (of alibi) with the defendant, and failed to adequately prepare himself for the defendant's trial admonishing the defendant to plead guilty. The defendant claims that his alibi defense should have been submitted to the jury and that his attorney was ineffective in not familiarizing himself with the facts and for not advising him to go to trial.

■ Contrary to defendant's assertions the record of the November, 1978 hearing reveals that the defendant's attorney did indeed investigate the alibi defense defendant claims was overlooked. At the hearing Arthur Dils testified that he spoke with possible witnesses in Colorado who might be able to substantiate defendant's position regarding his presence there on the date of both the Cumberland County and instant offenses. The telephone bill itself did not prove that the defendant was in Colorado on June 12, 1977. The defendant's girlfriend could not be sure that the defendant was not in Harrisburg on that date. She could not testify that the defendant phoned her from Fremont, Indiana on June 19, 1977 and she did remember that the defendant was with her in Harrisburg for two (2) weeks in June of 1977. Although the evidence of the long distance, collect phone

call to defendant's girlfriend may have been relevant for the purpose of supporting an alibi defense it certainly did not establish conclusively that the defendant was not in Pennsylvania on June 12, 1977. Given the uncertainty and weakness of the other evidence tending to support defendant's alibi we cannot say that defendant's attorney could not have reasonably believed that the evidence of the phone bill would not have persuaded a fact finder of defendant's absence from Pennsylvania on June 12, 1977. In addition Dils testified that defendant had told him at first that he was present at the scene of the crime but that the victim had consented to the acts. Under these circumstances it was not the responsibility of the attorney to conjure up an alibi for the defendant. Since the credibility of the witnesses at the November, 1978 hearing was for the court below, and in light of Dils' testimony and the guilty plea colloquy itself we find that the court below did not err in refusing to allow the defendant to withdraw his plea after sentencing on the grounds that the plea was induced by defendant's attorney's lack of interest or competence regarding the case. See, *Commonwealth v. Ridgely*, 243 Pa.Super. 397, 365 A.2d 1283 (1976).

■ Defendant also claims that the court below erred when it found no arguable merit in the alibi defense. The defendant claims that the merit of such a defense is for the jury alone and the court below had no authority to decide the persuasiveness of the non–discovered alibi defense. As discussed above the court below found that defendant's attorney investigated a possible alibi defense. In determining a claim of ineffective assistance of counsel, the hearing or appellate court must determine if the defendant's claim has arguable merit. *Commonwealth v. Betrand*, 484 Pa. 511, 399 A.2d 682 (1979). Because of the tenuous significance of the telephone bill and in light of the other testimony presented at the November, 1978 hearing it is clear that the court below properly decided that defendant's claim of ineffective assistance of counsel had no arguable merit.

■ The defendant also claims that Dils was ineffective because he did not move to suppress the pre–trial line–up at

which he was identified by the victim as the perpetrator of the crimes. At the November, 1978 hearing Dils testified that he did not pursue a suppression of the line–up identification because he had pursued a similar motion, challenging the same line–up, with regard to the Cumberland County cases and that the motion had been denied and defendant convicted by a jury, and because he believed the line–up to be fair. Since trial counsel is not required to file frivolous motions under penalty of being found to be ineffective, and since the line–up identification procedure at the same line–up at which victim identified the defendant had already been determined to be proper we find that the failure to pursue a suppression motion of the line–up identification did not constitute ineffective assistance of counsel. See *Commonwealth v. Chumley*, 482 Pa. 626, 394 A.2d 497 (1978).

Order affirmed.