405 A.2d 1287
**COMMONWEALTH of Pennsylvania**

v.

**Charles J. MOBLEY, Appellant.**

Superior Court of Pennsylvania.

Submitted May 7, 1979.
Decided June 13, 1979.

30

Carmen C. Nasuti, Philadelphia, for appellant.

Robert B. Lawler, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before HOFFMAN, EAGEN and HESS, JJ.*

PER CURIAM:

Charles J. Mobley, appellant, was found guilty by a jury of murder of the second degree, criminal conspiracy and robbery. From the judgments of sentence he has taken appeals.

On April 26, 1975, Mobley and one Samuel Coley entered the Temple Hardware Store in Philadelphia on the pretext of making a purchase. While Mrs. Pollack, the wife of the proprietor, was occupied with Mobley, Coley accompanied Mr. Pollack to the basement. Moments later Coley came upstairs alone and went outside the door followed immediately by Mobley. Mr. Pollack emerged from the basement covered with blood, saying "wallet, money, wallet, money." The police were called and Mr. Pollack was taken to a hospital, where he lapsed into unconsciousness and died two weeks later.

Mobley was first taken into police custody on May 20, 1975, and gave an exculpatory statement. He was released. Evidence of this statement was suppressed pre-trial for failure of the police to give *Miranda* warnings and on the

---

* Chief Justice Michael J. Eagen of the Supreme Court of Pennsylvania and Judge Warren K. Hess of the Court of Common Pleas of Berks County, Pennsylvania, are sitting by designation.

further ground that custody had been effected without probable cause. Mobley was taken into custody for the second time on October 10, 1975, and gave an inculpatory statement. The trial court refused to suppress this statement. At trial, during the cross-examination of Mobley, the district attorney questioned him concerning the statement given to the police on May 20, 1975, evidence of which had been suppressed. This is the first assignment of error. Under *Harris v. New York*, 401 U.S. 222, 91 S.Ct. 643, 28 L.Ed.2d 1 (1971), this assignment of error would be devoid of merit. However, in *Commonwealth v. Triplett*, 462 Pa. 244, 341 A.2d 62 (1975), the Supreme Court refused to follow *Harris* and ruled that any statement of the defendant declared inadmissible for any reason by a suppression court cannot be used for the purpose of impeaching the credibility of the defendant who elects to testify in his own behalf at trial. The appellant argues that *Triplett* controls.

In our opinion *Triplett* does not apply for the following reasons. First, during his direct examination at trial appellant Mobley testified in substance that when he was taken into custody on May 20, 1975, he told the police the same story as to his whereabouts at the time of the crime as he testified to at trial. The purpose of the cross-examination by the district attorney as to his statement of May 20, 1975, was to show discrepancies between what he told the police on that occasion and his trial testimony. Appellant opened the door and, under these circumstances, the cross-examination was proper.

Furthermore, no error was committed because the cross-examination now challenged was admitted without objection by counsel for Mobley and it was after this cross-examination had proceeded along these lines for some time that counsel for Mobley finally objected and requested that the cross-examination be stricken from the record. The objection was sustained and there was no further reference to the statement of May 20.

Appellant also contends that the trial court erred in refusing a pre-trial motion to suppress Mobley's statement of October 10, 1975. It is claimed that the statement was

the product of an unreasonable delay and in violation of the *Futch* rule. The facts disclose that he was taken to the Police Administration Building at 6:52 p. m. and gave an initial statement, which was concluded at 8:45 p. m., wherein he admitted knowledge of the homicide but indicated that Coley was the principal actor whereas Coley had previously confessed to his own involvement but had indicated that Mobley was the principal actor. As a result of this, the defendant was requested and agreed to submit to a polygraph examination. At approximately 9:30 p. m., prior to being connected to the polygraph machine, Mobley gave another statement to the police which was essentially the same as his first statement but with more elaboration and including an admission that he and Coley had gone to the hardware store with the intent of committing robbery. At 9:40 p. m., Mobley was reinterviewed by certain police officers and elaborated on his previous statements. This interview was concluded at 10:35 p. m., after which Mobley read the statement, made corrections and signed it at 11:00 p. m. It was also argued that the statement of October 10 should be suppressed because the *Miranda* warnings were not repeated before his incrimination at or about the time he was to undergo the polygraph examination. Such rewarning is not required. *See Commonwealth v. Ferguson*, 444 Pa. 478, 282 A.2d 378 (1971). It is true that appellant's testimony would support coercion and require that the statement be invalidated. The suppression court did not believe the testimony.

The third issue involves the trial court's refusal to suppress the in-court identification testimony of a sister-in-law of the victim, who was an eyewitness to the circumstances surrounding the robbery. While there are inconsistencies in Mrs. Holzman's testimony, her credibility was an issue for the jury to resolve. We agree with the findings and conclusions of the trial court and are satisfied that the testimony of Mrs. Holzman was properly for the jury.

Appellant's final contention, that his trial counsel was ineffective for failing to object to references by the district attorney to a police photograph of appellant, is frivolous and

totally without merit. The district attorney referred to the photograph in his cross-examination of Detective Hall—a witness called by the defense—only after defense counsel himself revealed the existence of the photograph in direct examination of the detective.

Trial counsel elicited from Detective Hall the fact that Mrs. Holzman was shown twenty-nine photographs on June 24, 1975, and that appellant's photograph was among this pack, yet Mrs. Holzman failed to select appellant's photograph. Counsel's strategy obviously was to establish the unreliability of Mrs. Holzman's in-court identification by exposing her prior failure to identify him in the photographic array. Having adopted this strategy, counsel could not then preclude the Commonwealth from testing its validity by having the jury view the photograph and compare appellant's present appearance with the way he looked six years earlier. Since an objection to this cross-examination would properly have been overruled, counsel cannot be deemed ineffective for not pursuing a meritless claim. *See Commonwealth v. Chism*, 480 Pa. 233, 253, 389 A.2d 1041, 1050 (1978).

We find no merit in any of appellant's contentions. Judgments of sentence affirmed.