J. A26006/15

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| v. | : | No. 1777 MDA 2014 |
| | : | |
| JESSICA LYNN ALINSKY | : | |

Appeal from the Order Dated October 7, 2014,
in the Court of Common Pleas of Luzerne County
Criminal Division at No. CP-40-CR-0003915-2013

BEFORE:  FORD ELLIOTT, P.J.E., WECHT AND PLATT,* JJ.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:　　　**FILED NOVEMBER 06, 2015**

This case concerns the death of Matthew Gailie.  The Commonwealth charged Jessica Alinsky ("appellee") with criminal homicide and tampering with or fabricating physical evidence.[1]  Herein, the Commonwealth appeals from the order of October 7, 2014, which denied the Commonwealth's motion *in limine*, which sought to introduce evidence that appellee staged a false burglary at her residence six months prior to Mr. Gailie's death.  We affirm on the trial court's opinion.[2]

---

* Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. §§ 2501 and 4910, respectively.

[2] The Commonwealth may appeal an interlocutory order denying the use of evidence when it provides a certification with its notice of appeal that the order terminates or substantially handicaps the prosecution. ***Commonwealth v. Whitlock***, 69 A.3d 635, 636 n.2 (Pa.Super. 2013),

The trial court recited the facts of this case as follows:

> In the late evening of September 2, 2011, the Pennsylvania State Police were dispatched to a residence at Eagle Rock Development, Hazle Township, Luzerne County, as a result of a 911 call from Jessica Alinsky. Ms. Alinsky reported that her boyfriend, Matthew Gailie, had shot himself in the head. When the police arrived at the scene, they found Mr. Gailie lying on his back with a gunshot wound near his left nostril. Jessica Lynn Alinsky was charged with Criminal Homicide and Tamper With/Fabricate Physical Evidence.
>
> On October 6, 2014, the Court entertained various pre-trial motions, including the Commonwealth's Motion *in Limine* to allow testimony and evidence of other crimes, wrongs or acts of the defendant under Pennsylvania Rule of Evidence 404(b), specifically the staging of a crime scene on March 2, 2011. After argument and the review of the evidence, the Court denied said motion. The Commonwealth now appeals.
>
> The Commonwealth seeks the admission of evidence that Ms. Alinsky staged a burglary at her residence, in [sic] prior to the alleged homicide, to give the impression that her home had been burglarized. According to the Commonwealth, Ms. Alinsky not only staged a burglary but lied to law enforcement personnel, created an elaborate story to accompany the staged scene and physically manipulated item[s] in her home to support the staging.
>
> At the time of argument on this Motion, the Commonwealth conceded that Ms. Alinsky did not call the police to report the burglary on or ab[o]ut

---

citing Pa.R.A.P. 311(d). As the trial court ruling excludes Commonwealth evidence, and the Commonwealth has certified that the effect of the ruling substantially handicaps the prosecution, we find that this appeal is properly before this court.

March 2, 2011. Further, the Commonwealth asserts that the "March staged burglary" took place while Mr. Gailie was at work. When Mr. Gailie arrived home, Ms. Alinsky told him about the incident, and he, in turn, called the Eagle Rock security. It was Eagle Rock Security that called the police. The police questioned both Ms. Alinsky and Mr. Gailie. Nothing was stolen. No arrest was made.

The Commonwealth next argued that Ms. Alinsky made statements on prison recordings that the crime scene in the March incident was staged, and that[,] in turn, is important to prove motive and intent and support the theory of first degree murder. The Commonwealth's assertion is that the March staged burglary is applicable to the lesser charge of tampering or fabricating evidence.

With regard to the Motion, the Commonwealth did not provide testimony. Rather, during argument, the Commonwealth provided the Court with recordings as well as information and reports of the March staged burglary, including statements made by Ms. Alinsky to the Eagle Rock security and the Pennsylvania State Police.

The Defense contends that [the] March staged burglary does not mean that Ms. Alinsky committed murder in September. Ms. Alinsky further asserts that the March staged burglary is prejudicial.

There is a distinction between the March staged burglary and the underlying criminal homicide. In the March staged burglary, Ms. Alinsky did not call the police as she did on the evening of September 2, 2011. In the first scenario, there is no evidence that she was trying to get away with a crime. Whereas, in the second scenario, even by the Commonwealth's own position, she allegedly staged the crime scene so that she would not be charged with homicide and make Mr. Gailie's death appear to be suicide.

Trial court opinion, 3/10/15 at 1-2.

- 3 -

Through its motion **in limine**, the Commonwealth sought to introduce evidence that appellee had staged a burglary six months prior to Mr. Gailie's death, and then subsequently lied to the police about the staged burglary. (Commonwealth's brief at 8.) The trial court considered arguments relating to the Commonwealth's motion on October 6, 2014, before denying the motion. The Commonwealth filed notice of appeal on October 14, 2014, and pursuant to Pa.R.A.P. 1925, the trial court filed an opinion.

The Commonwealth presents the following issue for our review:

> Did the Lower Court abuse its discretion and err, thereby terminating or substantially handicapping the Commonwealth's prosecution of the Appellee, by denying the Commonwealth's Motion In Limine / Pennsylvania Rule of Evidence 404(b) Notice of Intention to Seek to Admit Evidence of Other Crimes, Wrongs or Acts of the Defendant when the Commonwealth intended to introduce evidence that the Appellee, six (6) months prior to the incident giving rise to the current charges which include Criminal Homicide, staged a crime scene; namely, that of a purported burglary at her residence, so as to give the impression that her home had been burglarized and when the Commonwealth intended to introduce said evidence so as to demonstrate the Appellee's motive, intent, absence of mistake or accident, common scheme, plan or design or identity?

Appellant's brief at 4.

Based on our careful review of the record, the briefs, and Judge Tina Polachek Gartley's comprehensive and well-reasoned opinion dated March 10, 2015, we affirm.

Order affirmed.

- 4 -

J. A26006/15

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/6/2015

COMMONWEALTH OF PENNSYLVANIA: IN THE COURT OF COMMON PLEAS
                                           :            OF LUZERNE COUNTY
                                           :
          v.                               :        CRIMINAL DIVISION
                                           :
JESSICA ALINSKY                            :
                                           :
          Defendant                        : NO.  3915 OF 2013

## OPINION

In the late evening of September 2, 2011, the Pennsylvania State Police were dispatched

to a residence at Eagle Rock Development, Hazle Township, Luzerne County, as a result of a

911 call from Jessica Alinsky.  Ms.  Alinsky reported that her boyfriend, Matthew Gailie, had

shot himself in the head.  When the police arrived at the scene, they found Mr. Gailie lying on

his back with a gunshot wound near his left nostril.  Jessica Lynn Alinsky was charged with

Criminal Homicide and Tamper With/Fabricate Physical Evidence.

On October 6, 2014, the Court entertained various pre-trial motions, including the

Commonwealth's  Motion in Limine to allow testimony and evidence of other crimes, wrongs or

acts of the defendant under Pennsylvania Rule of Evidence 404(b), specifically the staging of a

crime scene on March 2, 2011.  After argument and the review of the evidence, the Court denied

said motion.  The Commonwealth now appeals.

The Commonwealth seeks the admission of evidence that Ms. Alinsky  staged a burglary

at her residence, in prior to the alleged homicide,  to give the impression that her home had been

burglarized. According to the Commonwealth, Ms. Alinsky not only staged a burglary but lied to

law enforcement personnel, created an elaborate story to accompany the staged scene and

physically manipulated item in her home to support the staging.

At the time of argument on this Motion, the Commonwealth conceded that Ms. Alinsky

did not call the police to report the burglary on or abut March 2, 2011.  Further, the

Commonwealth asserts that the "March staged burglary" took place while Mr. Gailie was at work. When Mr. Gailie arrived home, Ms. Alinsky told him about the incident, and he, in turn, called the Eagle Rock security. It was Eagle Rock Security that called the police. The police· questioned both Ms. Alinsky and Mr. Gailie. Nothing was stolen. No arrest was made.

The Commonwealth next argued that Ms. Alinsky made statements on prison recordings that the crime scene in the March incident was staged, and that in turn, is important to prove motive and intent and support the theory of first degree murder. The Commonwealth's assertion is that the March staged burglary is applicable to the lesser charge of tampering or fabricating evidence.

With regard to the Motion, the Commonwealth did not provide testimony. Rather, during argument, the Commonwealth provided the Court with recordings as well as information and reports of the March staged burglary, including statements made by Ms. Alinsky to the Eagle Rock security and the Pennsylvania State Police.

The Defense contends that March staged burglary does not mean that Ms. Alinsky committed murder in September. Ms. Alinsky further asserts that the March staged burglary is prejudicial.

There is a distinction between the March staged burglary and the underlying criminal homicide. In the March staged burglary, Ms. Alinsky did not call the police as she did on the evening of September 2, 2011. In the first scenario, there is no evidence that she was trying to get away with a crime. Whereas, in the second scenario, even by the Commonwealth's own position, she allegedly staged the crime scene so that she would not be charged with homicide and make Mr. Gailie's death appear to be suicide.

In *Commonwealth v. Powell*, 956 A.2d 406 (Pa.2008), our Supreme Court susinctly addressed the admissibility of prior bad acts at trial.

> Rulings on the admissibility of evidence are within the discretion of the trial judge, and such ruling form no basis for a grant of appellate relief absent an abuse of discretion. While it is true that evidence of prior crimes and bad acts is generally inadmissible if offered for the sole purpose of demonstrating the defendant's bad character or criminal propensity, the same evidence may be admissible where relevant for another purpose. Examples of other such relevant for another purpose. Examples of other such relevant purposes include showing the defendant's motive in committing the crime on trial, the absence of mistake or accident, a common scheme or design, or to establish identity . . . .[T]he evidence may also be admitted where the acts were part of a chain or sequence of events that formed the history of the case and were part of its natural development. Of, course, in addition relevance requirement, any ruling on the admissibility of evidence is subject to the probative value/prejudicial effect balancing that attends all evidentiary rulings.

*Id.* at 419.

The test for relevancy is found in Pa. R.Evid. Rule 401. Test for Relevant Evidence Evidence is relevant when

> (a)    it has any tendency to make a fact more or less probable than it would be without the evidence; and
>
> (b)    the fact is consequence in determining the action.

Relevancy is a threshold consideration in determining the admissibility of evidence. *Whyte v. Robinson*, 617 A.2d 380 (Pa. Super 1992). Every piece of evidence must relate to some issue the jury has to decide. *Berstein, 2015 Pa. Rules of Evidence, Comment 1 to Pa.R.E. 401 (Gann)*. Although such a statement sounds rudimentary, perhaps a gentle reminder is warranted.

"Determination of relevancy of evidence offered at trial requires a two step analysis. It must be determined, first, if the inference sought to be raised by the evidence bears upon a matter in issue in the case and, second, whether the evidence renders the desired inference more

probable than it would be with the evidence. . . . "*Commonwealth v. Stewart*, 336 A.2d 282 (Pa. 1975) *quoting* McCormick, *Evidence*, Section 185 (2d ed. 1972).

When applying these threshold questions to the facts provided by the Commonwealth, it is clear that the March staged burglary is relevant to Count 2 Tamper With/Fabricate Physical Evidence. However, the Commonwealth was hard-pressed to show how the inference that Ms. Alinsky allegedly staged a burglary bears upon a matter in issue in Count 1 Homicide. Nor does evidence of a staged burglary render the desired inference more probable than it would be with the evidence.

Once relevance is determined, the inquiry shifts to whether the probative value of the offered evidence outweighs the prejudicial effect of such proffered evidence. *Commonwealth v. Treiber*, 874 A.2d 26 (Pa. 2005). To make such a determination, the court must always weigh the prejudice against the probative value by evaluating the proponent's need for the evidence. As with all evidentiary rulings, the court must balance the relevancy and evidentiary need for the evidence of distinct crimes against the potential for undue prejudice. *Commonwealth v. Lark*, 543 A.2d 497 (Pa. 1988). For example, evidence of other acts may be necessary to show motive (*see Commonwealth v. Norman*, 549 A.2d 981, (Pa.Super. 1988), *app.denied* 562 A.2d 825 (Pa.1989)) or demonstrate common scheme and plan (*see Commonwealth v. Gordan*, 673 A.2d 866 (Pa. 1996)).

The Commonwealth argues that the March staged burglary is admissible to prove motive. Motive, of course, is never an element of a crime but it is relevant and assists in providing a plausible reason for the crime. Put more simply, evidence of motive answers the questions "why."

4

"To be admissible to show motive, the evidence must provide a sufficient ground to believe that the crime currently being considered grew out of, or was in some was cased by, the prior set of circumstances." *Commonwealth v. Spotz*, 756 A.2d 1139 (Pa. 2000).

The cases where evidence of a burglary is admissible in a homicide trial are distinguishable from the case at bar. First, there was no actual burglary. Second, in *Commonwealth v. Griffin*, 684 A.2d 589 (Pa.Super. 1996), evidence of a plan to commit a robbery *immediately* (emphasis added) before the victim in the underlying case was killed. Evidence of the plan was allowed into evidence to complete the story of the crime or to prove motive. The description of the plan to commit robbery and the use of the victim as a driver provided the context for why the defendant's van was later stopped and why the victim was running away from the defendant before he was killed.

The *Griffin* court went on to opine that to be admissible under the motive exception, evidence of the prior bad act "must give sufficient ground to believe that the crime currently being considered grew out of or was in any way caused by the prior set of facts and circumstances. " *Commonwealth v. Martin*, 387 A.2d 835 (Pa. 1978) The Court went on to explain that it was plausible that the defendant stopped the vehicle and the victim ran away giving rise to defendant's belief that the victim was going to go to the police station to report the planned robbery.

Such a nexus does not exist in the case at bar.

How does the Homicide and the Tampering with Evidence, the crime currently being considered, grow out of or was in some way caused by the March staged burglary? It does not. How then does evidence of the March staged burglary answer the question why Ms. Alinsky allegedly murdered Mr. Galie and staged the scene of the current charge? It does not. The

Commonwealth's attempt, although arguably creative, does not rise to the level of allowing for its admissibility at the time of trial. Moreover, the "need" for the admission of this evidence does not outweigh the prejudicial effect of such testimony.

Nor does the evidence of the March staged burglary become admissible to prove a common plan, scheme or design. A common scheme, plan or design embraces the commission of two or more crimes so related to each other that proof of one naturally tends to prove the others. *Commonwealth v. O'Brien*, 836 A.2d 966 (Pa.Super. 2003). Even though the evidence of the March staged burglary is relevant to Count 2, the uniqueness of a common plan, scheme, and design in the case at bar would be demonstrated if the two staged crime scenes were two homicides. That does not exist in this matter.

As such, the Motion is hereby denied.

**END OF OPINION**