J-S08020-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JOSHUA PETER CORRELL | : | |
| | : | |
| Appellant | : | No. 1776 EDA 2025 |

Appeal from the PCRA Order Entered June 27, 2025
In the Court of Common Pleas of Carbon County Criminal Division at
No(s):  CP-13-CR-0000216-2021

BEFORE:  PANELLA, P.J.E., KUNSELMAN, J., and NICHOLS, J.

MEMORANDUM BY KUNSELMAN, J.:                    **FILED JUNE 24, 2026**

Joshua Correll appeals from the order denying his first petition filed

pursuant to the Post Conviction Relief Act (PCRA).  42 Pa.C.S.A. §§ 9541-46.

We affirm.

This Court previously summarized the pertinent facts and procedural

history as follows:

> On January 14, 2021, Officer John Pruitte of the Borough of
> Jim Thorpe Police Department observed a yellow Ford Escape
> parked on Olympian Way in Jim Thorpe, Carbon County.  Officer
> Pruitte identified the vehicle as Correll's based on previous
> narcotic investigations.  Officer Pruitte also had received a call
> approximately three hours earlier notifying him that a warrant for
> Correll's arrest had been issued.  As Officer Pruitte approached
> the Ford Escape, he observed an individual, who he believed to be
> Correll, sitting in the passenger seat of a nearby car.  [The car, a
> Chevy Trailblazer, was for sale and owned by Mark Holland.  Katie
> Murphy was sitting in the driver's seat.]  Officer Pruitte drove
> around the block twice until he was able to positively identify
> Correll.  On the third time around the block, Officer Pruitte parked
> his police vehicle in front of the Chevy.  Upon approaching Correll,

Officer Pruitte observed Correll take an unknown item from his waist and place it under the passenger seat.

Officer Pruitte asked Correll to exit the vehicle, which he [initially] refused to do. Once Correll exited the vehicle, he began to inch away from Officer Pruitte. At that point, Officer Pruitte called Detective Lee Marzen for backup. As Officer Pruitte subsequently tried to place Correll in handcuffs, Correll attempted to flee. Following a brief foot chase in the direction of State Route 903, Officer Pruitte tased Correll. Officer Pruitte searched Correll's person and found $2,030.00, a syringe and a spoon. Detective Marzen obtained consent from Holland to search the Chevy and found a 9mm handgun under the front passenger seat. On January 15, 2021, a search of Correll's Ford Escape yielded a gun holster and bag, approximately 1.2 grams of methamphetamine, syringes, boxes, baggies, rubber bands, and other materials commonly used to package and distribute narcotics.

On January 14, 2022, Correll was arrested and charged with [possession of a firearm prohibited, possession with intent to deliver a controlled substance, and related charges], in addition to one count of firearms not to be carried without a license. On April 8, 2021, Correll filed an omnibus pre-trial motion, which included a motion to suppress his arrest and a habeas corpus motion challenging the sufficiency of the evidence supporting the charges. On July 1, 2021, the trial court conducted a hearing and on July 15, 2021, the court granted Correll's habeas corpus motion as to the firearms not to be carried without a license charge and denied the motion in all other respects.

Correll proceeded to jury trial on August 5, 2021, and was found guilty of all remaining charges on August 6, 2021. He was sentenced on October 28, 2021, to an aggregate term of 117 to 234 months' incarceration.

***Commonwealth v. Correll***, 297 A.3d 694, at *1-2 (Pa. Super. 2023) (non-precedential decision) (citations and footnotes omitted).

Thereafter, the trial court denied Correll's post-sentence motion. Correll filed a timely appeal to this Court in which he raised seven issues. On April 2, 2023, we affirmed Correll's judgment of sentence by adopting the trial

court's decision. *Id.* On August 22, 2023, our Supreme Court denied Correll's petition for allowance of appeal. *Commonwealth v. Correll*, 303 A.3d 707 (Pa. 2023).

On February 5, 2024, Correll file a *pro se* PCRA petition, in which he claimed that trial counsel was ineffective for failing to seek to sever the firearms prohibited charge from his remaining charges. The PCRA court appointed counsel, and, on August 23, 2024, PCRA counsel filed a supplemental petition in which he added the claims that trial counsel was ineffective for failing to have the recovered handgun tested for fingerprints or DNA evidence.

On October 17, 2024, the PCRA court held an evidentiary hearing. Correll and trial counsel testified. Following the preparation of the hearing transcript, the parties each filed a memorandum in support of their position. By order entered June 27, 2025, the PCRA court denied Correll's petition. This appeal followed. Both Correll and the PCRA court have complied with Appellate Rule 1925.

Correll raises the following two issues on appeal:

I.    Did the [PCRA] court err as a matter of law and abuse its discretion in not finding that [trial] counsel rendered ineffective assistance of counsel in not seeking, or even attempting to seek, severance of the possession of firearm prohibited charge from the remaining [charges] in the case *sub judice* [thereby] prejudicing [Correll] at trial where the jury heard of past felony robbery convictions on the part of [Correll]?

II.   Did the [PCRA] court err as a matter of law and abuse its discretion in not finding that [trial] counsel rendered

- 3 -

> ineffective assistance of counsel in failing to arrange for either fingerprint and/or DNA analysis of the subject firearm (and its corresponding ammunition) supposedly possessed by [Correll]?

Correll's Brief at 4 (excess capitalization omitted).

This Court's standard of review for an order dismissing a PCRA petition is to ascertain whether the order "is supported by the evidence of record and is free of legal error.  The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record." ***Commonwealth v. Barndt***, 74 A.3d 185, 191-92 (Pa. Super. 2013) (citations omitted).

Both of Correll's  issues challenge the effectiveness of trial counsel.  To obtain relief under the PCRA premised on a claim that counsel was ineffective, a petitioner must establish by a preponderance of the evidence that counsel's ineffectiveness so undermined the truth determining process that no reliable adjudication of guilt or innocence could have taken place. ***Commonwealth v. Johnson***, 966 A.2d 523, 532 (Pa. 2009).  "Generally, counsel's performance is presumed to be constitutionally adequate, and counsel will only be deemed ineffective upon a sufficient showing by the petitioner." ***Id.*** The tripartite test we apply is well-settled, and each prong of the test has been explained as follows:

> The burden is on the [petitioner] to prove all three of the following prongs:  (1) the underlying claim is of arguable merit; (2) that counsel had no reasonable strategic basis for his or her action or inaction; and (3) but for the errors and omissions of counsel, there is a reasonable probability that the outcome of the proceedings would have been different.

We have explained that a claim has arguable merit where the factual averments, if accurate, could establish cause for relief. Whether the facts rise to the level of arguable merit is a legal determination.

The test for deciding whether counsel had a reasonable basis for his action or inaction is whether no competent counsel would have chosen that action or inaction, or, the alternative, not chosen, offered a significantly greater potential chance of success. Counsel's decisions will be considered reasonable if they effectuated his client's interests. We do not employ a hindsight analysis in comparing trial counsel's actions with other efforts he may have taken.

Prejudice is established if there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.

*Commonwealth v. Sandusky*, 203 A.3d 1033, 1043-44 (Pa. Super. 2019) (citations omitted; formatting altered).

In his first ineffectiveness claim, Correll asserts that trial counsel "rendered ineffectiveness *per se* in not even attempting before trial to sever" the firearms prohibited charge from his remaining charges. Correll's Brief at 9 (excess capitalization omitted). According to Correll, counsel's failure to do so allowed the jury "to hear evidence of past convictions of violent crimes on the part of [Correll] which clearly resulted in prejudice and warrants the grant of a new trial." *Id.* We disagree.

In its opinion, the PCRA court succinctly explained the applicable case law regarding a severance motion as follows:

In criminal trials, evidence or prior crimes is generally not admissible, and any reference to it constitutes reversible error. *Commonwealth v. Martin*, [387 A.2d 835, 838 (Pa. 1978)]. In the present case, introduction of [Correll's] prior conviction of an

- 5 -

enumerated offense under 18 Pa.C.S.A. §6105 was necessary as an element of proof the firearm charge. Where a prior conviction is an element of the crime charged, defense counsel will normally request severance of that charge, to prevent the jury from hearing evidence relating to the defendant's prior conviction which is not admissible to demonstrate criminal propensity. **Commonwealth v. Cobb**, [28] A.3d 930 (Pa. Super. 2011). When determining whether severance is proper, the court looks to: "(1) whether the evidence of each of the offenses would be admissible in a separate trial for the other; (2) whether such evidence is capable of separation by the jury so as to avoid danger of confusion; and if the answers to these inquiries are in the affirmative; (3) whether the defendant will be unduly prejudiced by consolidation of the offenses." **Commonwealth v Melendez-Rodriguez**, 856 A.2d 1278, 1283 (Pa. Super. 2004).

PCRA Court Opinion, 6/27/25, at 7-8.

Here, the PCRA court concluded, after reviewing the conflicting testimony from trial counsel and Correll from the evidentiary hearing, that trial counsel had a reasonable basis for not filing a severance motion and that Correll was not prejudiced by counsel's decision. The court first summarized the varying testimony from the hearing:

> [Trial counsel] testified that he met with [Correll] approximately ten times and had one or two phone calls with him prior to trial. In these conversations, [trial counsel] stated that he had brief discussions with [Correll] regarding severance of the charges, but did not see a good legal argument to sever in this particular case. [Correll] agreed and told [trial counsel], "[he] just wanted to get evidence out that at least [in the prior robbery convictions that prohibited him from possessing a firearm], there was no evidence supporting that he had a firearm in those robberies[.]" Additionally, [Correll] stated that he was not disputing that he was a person not to possess a firearm, only the possession of the firearm itself. [Correll] further stated that he did not wish to go to trial on all the charges and he knew he was guilty of, namely all but the firearm possession charge. However, after [trial counsel] testified, [Correll] restated his innocence of the possession with intent to deliver charge.

\*\*\*

[Trial counsel] testified that he believed the [trial court] would not sever the firearm possession charge because there was a firearm recovered that was potentially intertwined with the drug charge. [Trial counsel] stated that while the Commonwealth would not need to establish a prior conviction for the remaining charges, he felt it could still be admissible under Pennsylvania Rule of Evidence 404(b). Under Rule 404(b)(2), evidence that a defendant committed a prior crime is admissible where it tends to demonstrate, among other things, motive. Here, [Correll's] prior convictions provided him with a motive to not cooperate when he was in a vehicle that contained a firearm he was not legally allowed to possess.

[Trial counsel] further testified that he did not believe the [trial court] would sever the firearm charge from the possession with intent to deliver charge because of the small amount of methamphetamine recovered. The fact that the firearm in question was a "ghost gun" indicates criminal activity since they are unregistered and untraceable. Such weapons are commonly used by people involved in drug transactions or individuals who can't lawfully possess a firearm. Further, drug paraphernalia, and around $2,000 in cash were recovered from [Correll's] person. A search of [Correll's] vehicle also uncovered 1.2 grams of methamphetamine, other drug paraphernalia, and firearm accessories. The close proximity of the drugs and paraphernalia to the "ghost gun", and the common use of such a firearm, support a conclusion that the possession of the firearm was connected to drug transactions.

PCRA Court Opinion, 6/27/25, at 6-7 (citations omitted).

The PCRA court accepted trial counsel's testimony and found that he presented a reasonable trial strategy such that Correll could not establish his ineffectiveness claim:

Based upon [trial counsel's] analysis of the relevant facts, evidence and his discussions with [Correll], a motion for severance was not filed. This [c]ourt finds that trial counsel had a reasonable basis for his decision not to file for severance, that [Correll] was not prejudiced by this decision and that his claim to the contrary

is without merit.  [W]e do not question whether there were other more logical courses of action which counsel could have pursued; rather we must examine whether counsel's decision had any reasonable basis.

PCRA Court Opinion, 6/27/25, at 10 (citations omitted).

Our review of the record supports the PCRA court's conclusions that counsel's trial strategy was reasonable and that Correll was not unduly prejudiced.

Initially, we are not persuaded by Correll's assertion that the failure to seek severance of the firearm charge amounted to ineffectiveness *per se*. **See** Correll's Brief at 12-15.  Rather, Correll had the burden of establishing all three prongs of the ineffectiveness test by a preponderance of the evidence. **Sandusky**, **supra**.

Regarding Correll's attempt to meet this burden, we first note that, as to the credibility of the witnesses at the PCRA hearing, the PCRA court believed trial counsel's version of the contested facts.  We cannot disturb this determination. **See Commonwealth v. Harmon**, 738 A.2d 1023, 1025 (Pa. Super. 1999) (explaining that when a PCRA court's determination of credibility is supported by the record, it cannot be disturbed on appeal).

Moreover, case law supports trial counsel's testimony that Correll's prior convictions could have been used by the Commonwealth to suggest to the jury the reasons why Correll attempted to flee from the police. **See Commonwealth v. Mollett**, 5 A.3d 291, 307 (Pa. Super. 2010) (affirming denial of the defendant's motion to sever a firearm charge; the firearm charge

"provide[d] evidentiary value to proof of the other crimes he was charged with because it tends to establish his motive to avoid being captured").

Finally, we agree that the introduction of Correll's past robberies did not unduly prejudice him. The only evidence of Correll's past robbery convictions was introduced by the Commonwealth through the county deputy clerk of courts and, on cross-examination, trial counsel had the witness acknowledge that there was no evidence that these crimes involved the use of a firearm. N.T., 8/5/21, at 181. Additionally, in its closing charge to the jury, the trial court specifically instructed the jury:

> Now, you've heard evidence that [Mr. Correll] was involved in two robbery offenses for which he is not on trial. I'm speaking of the testimony of Carbon County Deputy Clerk of Courts . . . to the effect that Mr. Correll previously pled guilty to two offenses for robbery. This evidence is before you for a limited purpose; that is, for the purpose of tending to show that Mr. Correll had prior convictions that precluded him from possessing a firearm. This evidence must not be considered by you in any way other than for the purpose I just stated. You must not regard this evidence as showing that [Mr. Correll] is a person of bad character or criminal tendencies from which you may be inclined to infer guilt.

N.T., 8/6/21 at 69-70. It is now well settled that a jury is presumed that to follow a trial court's cautionary instructions. ***Commonwealth v. Jones***, 668 A.2d 491, 503-504 (Pa. 1995).

For these reasons, Correll's first issue fails, and he is not entitled to post-conviction relief.

In his second issue, Correll asserts that trial counsel was ineffective for failing to arrange for fingerprint and/or DNA testing on the recovered gun prior

- 9 -

to trial "which testing [he] had repeatedly requested as [he] made clear from the date of his arrest that he never possessed that firearm." Correll's Brief at 9. According to Correll, "[i]nstead, [trial] counsel simply chose to ask the arresting officer at the time of [t]rial about the lack of fingerprint analysis." *Id.* at 23.

Here, the PCRA court rejected Correll's ineffectiveness claim because it concluded that trial counsel had a reasonable trial strategy. The court explained:

> [Correll] testified [at the evidentiary hearing] that he only met with [trial counsel] once or twice, but made the request for analysis multiple times. [Trial counsel] testified that he met with [Correll] approximately ten times and he does not recall any requests for testing to be run on the firearm. However, [trial counsel] further testified that he and [Correll] discussed the strategy of using the Commonwealth's lack of testing and due diligence to create reasonable doubt, and that [Correll] did not object.

> In pursuing that strategy, [trial counsel] reasonably considered the risks of testing the firearm. Considering the fact that the firearm was found under [Correll's] seat, and that Officer Pruitte witnessed [Correll] place something under the seat moments before the arrest, [trial counsel] realized that there was a possibility that his client's fingerprints or DNA made their way onto the firearm. He testified that if the test results had come back positive for [Correll's] fingerprints or DNA, it would have proven that [Correll] possessed the firearm, to which he would have no defense.

> [Trial counsel] also concluded that even if the firearm did not have [Correll's] fingerprints or DNA, that would not have been enough to exculpate [Correll] from guilt. The accompanying evidence of drugs, drug paraphernalia, firearm paraphernalia, and the police officer witnessing [Correll] hiding something under his seat raised the possibility that [Correll] was in possession of the firearm. Additionally, [Correll] knew the firearm had not been

- 10 -

tested at the time of trial, yet he made no effort to request a continuance for the analysis to be performed  This, coupled with the fact that [Correll] was adamant about having the trial occur as soon as possible, indicated that he agreed with [counsel's] trial strategy.  This [c]ourt finds [trial counsel's] actions to be reasonable under the circumstances and that [Correll] was not prejudiced by any lack of testing of the firearm.

PCRA Court Opinion, 6/27/25, at 10-12 (paragraph breaks added; citations omitted).

Once again, our review of the record supports the PCRA court's conclusion that, weighing the risks of the testing and/or analysis, trial counsel's decision instead, to have the jury hear that the Commonwealth did not test the firearm for fingerprints or DNA, was a reasonable trial strategy. N.T., 8/5/21, at 95 (Officer Pruitte agreeing with trial counsel that the Commonwealth never tested the firearm or the holster it was in for fingerprints or DNA evidence).

As noted above, we cannot disturb the PCRA court's credibility determinations when, as here, the record supports the court's finding. Additionally, absent proof of negative fingerprint or DNA results that would arguably exonerate him, Correll cannot establish prejudice.  Correll presented no such evidence at the evidentiary hearing.  Thus, Correll's second issue fails.

In sum, our review of the record supports the PCRA court's conclusions that trial counsel had a reasonable trial strategy in not seeking severance of the firearm possession charge and in not seeking testing on the recovered firearm.  We therefore affirm the PCRA court's order denying Correll post-conviction relief.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler

Benjamin D. Kohler, Esq.
Prothonotary

Date: 6/24/2026